## FOURTH DEPARTMENT, MARCH, 1917.

IDA MINTZ, Respondent, *v.* INTERNATIONAL RAILWAY COMPANY, Appellant.

*Railway — negligence — injury to passenger — sudden stopping of street car — emergency.*

Appeal from a judgment of the Supreme Court, entered in the Erie county clerk's office October 27, 1916, and also from an order entered on the same date, denying the defendant's motion to set aside the verdict and for a new trial.

Judgment and order affirmed, with costs. Held, the trial court correctly held, in effect, that defendant's motorman was not negligent in making an emergency stop of his car to avoid running down the child on the track, even though it resulted in throwing down and injuring plaintiff, a passenger on the car, unless there was some prior negligence of the motorman. (See *Dorr* v. *Lehigh Valley R. R. Co.*, 152 App. Div. 342; affd., 211 N. Y. 369.) Whether there was prior negligence of the motorman was properly left to the jury as a question of fact. We should not disturb their verdict, since neither the motorman nor any of the witnesses say that the approach of the child could not have been seen by the motorman in time to have checked the speed of his car and before the wagon intervened to shut off his view. All concurred, except Lambert, J., who dissented and voted for reversal and granting a new trial, and Merrell, J., who dissented and voted for reversal and dismissal of the complaint, each in a separate memorandum.

LAMBERT, J. (dissenting): The action is in negligence and seeks recovery for injuries sustained while plaintiff was a passenger in one of defendant's cars. Upon the occasion of the accident this car was moving easterly upon William street in Buffalo. Upon this street the defendant has two tracks, generally described as the east-bound and west-bound tracks. William street runs east and west. Plaintiff boarded the car at the corner of William and Pine streets. She paid her fare, procured a transfer and sought a seat. In the meantime the car had started. Just as the plaintiff started to sit down the car was suddenly stopped and she was thrown to the floor receiving the injuries of which she complains. The sole issue in the case is that of defendant's negligence. In explanation of the sudden stoppage of the car, the defendant makes it appear by undisputed evidence that just at the moment that plaintiff was about to take her seat, the car was meeting and passing a rig driving westerly upon the west-bound track; that a small boy dodged out from behind that rig onto the track over which the car was running, and stumbled and fell directly in front of the car and only five or six feet distant therefrom. The motorman promptly applied his emergency brake and reversed his car, bringing it to a stop so close to this boy that the life guard or fender extended out over the boy's leg. In submitting the question of defendant's negligence to the jury the trial court used the following language: " He [the motorman] was called upon to use

all the care that an ordinary careful and prudent person would use in handling that car under the circumstances. He was moving the car; he saw the team coming; he was about to pass the rig. Was he handling that car as he was called upon to handle it in using the reasonable degree of care to avoid any one who might pass out from behind that wagon ? Did the circumstances call upon him to have his car under better control so that it could be stopped without any movement which would cause passengers to fall who were undertaking to get their seats ? Now it is for you to say under all the circumstances whether or not this man was guilty of negligence. If the motorman was not guilty of negligence in handling his car, then the plaintiff is not entitled to a verdict; if he was, then she is entitled to a verdict; and it will be for you to say how much she should receive." As that issue was submitted the jury was permitted to predicate a finding of negligence upon the failure of the motorman to anticipate that some one might pass out from behind the approaching wagon and in front of the car; and also upon the manner of stopping the car. Upon neither of such questions is there any evidence in this record to sustain the jury's verdict. The sufficiency of the evidence in that particular was raised by a motion for a direction of a verdict, and again by the motion for a new trial, and hence there must be a reversal in this case. It is well understood that a carrier of passengers for hire owes to such passengers the duty of the utmost care, in their transportation, to preserve them from injury. It is equally well understood, and so charged in this case, that the defendant was not obliged to hold its car motionless until plaintiff had taken a seat, but was at liberty to proceed carefully. The injury to a passenger, *prima facie*, raises a presumption of negligence, and the plaintiff was content to rest her case upon that presumption. The defendant sought to meet such presumptiion of fault by proof of this sudden emergency, assuming that the record demonstrates all due care in observing the approach of the boy to a position of danger, and that the car was stopped with reasonable care under the circumstances. It must be conceded that if due care upon the part of the motorman in discovering the approach of the boy, would result in his discovery only when he had come from behind the wagon, five or six feet in advance of the car, that then there can be no recovery in this case. The stop was not unduly violent upon that state of facts. The relative positions of the boy and the car, when the car was stopped, demonstrate that it was impossible to meet this emergency with a less sudden or violent stoppage. If liability there be in this case it must be founded upon a failure of the motorman to sooner discover the approaching emergency. Upon that question this record is silent. The motorman merely states that he first saw the boy when the latter was within five or six feet of the car and about to go upon the track. No witness discloses any circumstances justifying a conclusion as to whether or not the motorman should have sooner discovered this boy and the approaching danger. However, this question was not presented to the jury and the jury's conclusion favorable to the plaintiff, upon other and unappropriate questions, cannot be held

sufficient ground for affirmance upon this record. A new trial must be ordered upon the above indicated question of fact. Perhaps, upon such new trial, the evidence may demonstrate so conclusively either the fault of the motorman or his freedom from negligence, as to justify a direction of verdict. However, upon this record that question is one of fact. The judgment and order appealed from should be reversed, with costs to the appellant to abide the event.

MERRELL, J. (dissenting): It must be borne in mind that this is not an action by the boy to recover because of the motorman's negligence in not using sufficient diligence in observing the former's position and in anticipating that he might run in front of the approaching car. Assuming in such case that the failure of the motorman to watch out for such a situation might be said to be an act of negligence permitting a recovery for the boy if injured, could such negligence be said to be the proximate cause of plaintiff's injury? I think not. Here was a case of emergency. When the boy fell in front of the car, however negligent the motorman may have been in not anticipating the situation with which he was thus suddenly confronted, it was then his plain duty to stop the car and avoid running over the boy. Had he done less he would certainly have been chargeable with negligence. In choosing between the two evils of shaking up his passengers with remote probability of causing them serious injury, and running over a prostrate boy with practical certainty of fatal results, he chose the lesser. In the sudden emergency he acted with entire prudence and as any reasonably careful person would under the circumstances. So far as plaintiff is concerned I do not think defendant was negligent. But I do not concede that the motorman would be negligent even if he saw the boy passing behind the wagon. In a thickly populated city, in the heart of traffic, a motorman could hardly be expected to watch every person walking near the car tracks between streets where the car's rights are paramount to those of a pedestrian, nor to anticipate carelessness on the pedestrian's part. In any event, as Judge Lambert urges, there is nothing in this record upon which it can be said that the motorman was negligent. I think the proven facts in this case overcome any possible presumption of negligence of defendant arising from the fact that plaintiff was injured while a passenger upon defendant's car. I vote for reversal and dismissal of the complaint.